UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO R. MAMOT,

                    Plaintiff,

          -against-

GEICO CAR INSURANCE; MAYOR BILL
DE BLASIO; FDNY COM DANIE NIGRO;
NYPD COM DERMOT SHEA,

                    Defendants.

21-CV-6717 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that Defendants violated his constitutional rights. By order dated August

24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis* (IFP). For the following reasons, the complaint is dismissed.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the Geico Insurance Company, Mayor Bill De

Blasio, Fire Commissioner Daniel Nigro, and Police Commissioner Shea. The complaint sets

forth the following facts. On December15, 2010, while Plaintiff was walking in Queens, he was

hit by an SUV whose driver was insured by Geico. An "FDNY ambulance crew" and EMT

personnel came to the scene and took Plaintiff to Elmhurst Hospital. At the time, Plaintiff was

told that the police had "failed to make an official police report." (ECF 2 at 8.)[1] A Geico

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

representative named Makiko accused Plaintiff at a deposition of staging the accident. Makiko claimed to have a video proving that the SUV had been "legally parked" at the time of the incident, but Makiko refused to provide that footage to Plaintiff. Plaintiff's "original lawyer obviously believed" Makiko, and withdrew from the case. (*Id.* at 9.) Another attorney was willing to represent Plaintiff if Plaintiff could obtain the "official FDNY accident report." Plaintiff went to the FDNY headquarters in Brooklyn, but he was told that he could not get the report because he was not a judge or a lawyer. Plaintiff also went to the 108th Precinct, but there was no report on file about the incident. Due to the lack of documentation, Plaintiff was unable to find new counsel, and presumably he did not prevail in the litigation or obtain the level of insurance coverage to which he believed himself to be entitled. (*Id.* at 9.) Plaintiff continued pursuing the matter, and he recently obtained a fire department report about the incident, which references a police report from the 108th Precinct. But when Plaintiff went to the precinct, he was told that there is "no such numbered police report." (*Id.*)

Plaintiff identifies himself as Filipino-American, and claims that Defendants discriminated against him because of his race. He notes that individuals involved in these events, including the SUV driver, the FDNY and EMT personnel, his attorney, and the Geico employees, were white. (*Id.* at 8.) Plaintiff previously sued Makiko, the SUV driver, and Geico in connection with the accident. *Mamot v. Geico*, 12-CV-6616 (JPO) (S.D.N.Y. Oct. 5, 2012) (dismissing complaint, for which the filing fee was paid, for lack of subject matter jurisdiction).

## DISCUSSION

### A.    Due process claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988). The Court construes Plaintiff's allegation that Defendants either failed to investigate the December 15, 2010 incident, or intentionally withheld an existing police report, as asserting a claim that Defendants violated his right to procedural due process.

The constitutional requirement of procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). "A 'unilateral expectation' is not sufficient to establish a constitutionally protected property right. Rather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (quoting *Regents of State Colls. v. Roth*, 408 U.S. 564, 576-77 (1972)).

The Constitution of the United States does not provide individuals with an affirmative right to an investigation of their claims by the government that is protected by the Due Process Clause of the Fourteenth Amendment. *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 196–97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Harrington* v. *Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that parents had no constitutional right to an adequate police investigation of motor vehicle collision that killed their son); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)). Thus, an "allegation that a police officer refused to take police action is not a

cognizable constitutional violation." *Olabopo v. Gomes*, No. 13-CV-5052, 2016 WL 5477586, at *4 (E.D.N.Y. Sept. 29, 2016) (citing *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008)).[2]

Accordingly, the mere filing of a false police report, without more, does not create a right of action in damages under" section 1983. *Graham v. City of Albany*, No. 08-CV-892, 2009 WL 4263510, at *9-10 (N.D.N.Y. Nov. 23, 2009) (citing *Landrigan v. City of Warwick,* 628 F.2d 736, 744–45 (1st Cir. 1980)). A due process violation may lie only if the filing of a false report leads to an unconstitutional deprivation of life, liberty, or property. *Landrigan*, 628 F.2d at 744-45 (citing *Paul v. Davis*, 424 U.S. 693 (1976)). The "filing of a false police report is not itself a constitutional violation, even when the report is the result of an intentional conspiracy among police officers to cover up police misconduct." *Jarrett v. Twp. of Bensalem,* No. 07-CV-1480, 2008 WL 818615 at *4 (E.D. Pa. Mar. 26, 2008) (holding that the plaintiff had no property interest in "obtaining a large insurance settlement").

Here, Plaintiff was initially told that there was no police report, but he recently obtained an FDNY document that provides a police report number. But when Plaintiff went to the precinct, he was told that no such police report number exists. Plaintiff's allegations concerning these events do not give rise to a constitutional claim, however, because he has no entitlement under the Constitution to either a police report or to an insurance settlement. Plaintiff therefore does not state a due process claim under section 1983.

---

[2] Two exceptions to this no-duty-to-investigate rule apply: (1) if "the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) the government may assume some obligation when it "assist[s] in creating or increasing the danger," *see Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). These exception do not apply to this case.

**B.    Race discrimination claim**

The Court construes Plaintiff's allegation that Defendants discriminated against him based on his race as an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment essentially prohibits the disparate treatment of similarly situated individuals. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Hart v. Westchester County Department of Social Services*, 160 F. Supp. 2d 570, 578 (S.D.N.Y. 2001). "To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). "[C]laims of race-based discrimination under the Equal Protection Clause . . . require that intentional discrimination be alleged in a non-conclusory fashion." *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) (citing *Clyburn v. Shields,* 33 F. App'x 552, 555 (2d Cir. 2002) (summary order).

While the state does not have a duty to provide individuals with particular protective services, it "may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney*, 489 U.S. at 196 n.3. Accordingly, courts have held that there is a federal right to non-discriminatory police investigation. *See McGrath v. Dominican College of Blauvelt, New York*, 672 F. Supp. 2d 477, 490 (S.D.N.Y. 2009); *Blount v. Swiderski*, No. 03-CV-0023, 2006 WL 3314635, at *12 (E.D.N.Y. Nov. 14, 2006) (noting the plaintiff's claim that defendants failed to investigate "because of constitutionally improper motives").

Plaintiff has failed to allege facts giving rise to an equal protection claim. Plaintiff simply notes that he is Filipino-American and that individuals involved in the underlying events were white. Even if the Court assumes that Plaintiff has sufficiently alleged that he is a member of a protected class, he asserts no facts showing a causal connection or link between his race and the

fact that he has been unable to obtain a copy of the police report, or any other incident connected to the 2010 accident. In short, Plaintiff has failed to allege facts to suggest that either the individuals involved in the 2010 incident, or the individuals named as defendants in this complaint, discriminated against him or treated him differently from similarly situated people, or that they were motivated by race-based animus.

## DENIAL OF LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## LITIGATION HISTORY AND ORDER TO SHOW CAUSE

Plaintiff has filed numerous *pro se* cases in this Circuit. *See, e.g., Mamot v. Bilinguals Inc.*, No. 09-CV-1635 (LBS) (S.D.N.Y. Feb. 23, 2009) (order dismissing complaint for lack of subject matter jurisdiction); *Mamot v. Bd. of Regents*, No. 08-CV-1451 (E.D.N.Y. June 12, 2008) (order dismissing complaint for lack of subject matter jurisdiction and on *res judicata* grounds), *aff'd* 08-4019-cv (2d Cir. Feb. 22, 2010); *Mamot v. NYC Bd. of Educ.* No. 01-CV-2597 (JSR) (S.D.N.Y. Mar. 22, 2002) (order granting defendants' motion to dismiss); *appeal dismissed* 02-7375 (2d Cir. Sept. 3, 2002); *Mamot v. Silverstein Properties, Inc.*, No. 01-CV-2521 (RWS) (DCF) (S.D.N.Y. Feb. 7, 2002) (order noting voluntary dismissal); *Mamot v. Bd. of Regents*, No. 00-CV-5337 (E.D.N.Y. July 30, 2001) (order granting defendants' motion to dismiss), *aff'd* 01-9099 (2d Cir. Oct. 8, 2002); *Mamot v. NYS Atty. General*, No. 01-CV-0643 (BSJ) (S.D.N.Y. Jan. 18, 2002) (order granting defendants' motion to dismiss); *Mamot v. Bd., of Regents*, No. 01-CV-

0205 (BSJ) (KNF) (S.D.N.Y. Jan. 24, 2002) (same); *Mamot v. River Place Mgmt.*, No. 00-CV-7617 (RWS) (S.D.N.Y. Feb. 7, 2002) (order noting voluntary dismissal).

In 2009, Plaintiff was warned against pursuing nonmeritorious litigation in this Circuit. *See Mamot v. Bd. of Regents*, No. 09-CV-2094 (LBS) (S.D.N.Y. Mar. 9, 2009) (dismissing complaint for failure to state a claim and on immunity grounds, and warning Plaintiff "that the next time he files an action that is duplicative, frivolous, fails to state a claim, or otherwise lacks merit, the Court will issue an order directing him to show cause why he should not be barred from filing any further actions [IFP] in this Court without first obtaining permission from this Court to do so."). In addition to this case, Plaintiff filed four other cases in 2021. *See, e.g., Mamot v. Proctor & Gamble Corp.*, No. 21-CV-6914 (UA) (S.D.N.Y. filed Aug. 16, 2021) (pending); *Mamot v. Cuomo*, No. 21-CV-6732 (UA) (S.D.N.Y. filed Aug. 9, 2021) (pending); *Mamot v. Mamot v. Bilingual Inc.*, No. 21-CV-6716 (LTS) (S.D.N.Y. Sept. 27, 2021) (dismissing complaint on immunity grounds, for lack of subject matter jurisdiction, as frivolous, and for failure to state a claim on which relief may be granted); *Walgreens Pharmacy*, No. 21-CV-4731 (E.D.N.Y. Aug. 30, 2021) (dismissing complaint for lack of subject matter jurisdiction and as frivolous), *appeal pending* (2d Cir.).

In light of Plaintiff's litigation history and the warning issued in 2009, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Name

_____
Address

_____
Telephone Number (if available)

_____
Signature

_____
Prison Identification # (if incarcerated)

City          State      Zip Code

_____
E-mail Address (if available)